Catherine Kilduff (CA Bar No. 256331)
Kristen Monsell (CA Bar No. 304793)
Miyoko Sakashita (CA Bar No. 239639)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, St. #800
Oakland, CA 94612
Phone: (510) 844-7100
Facsimile: (510) 844-7150
ckilduff@biologicaldiversity.org
kmonsell@biologicaldiversity.org
miyoko@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity
and Turtle Island Restoration Network*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and TURTLE ISLAND RESTORATION NETWORK; <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendants. | Case No. 19-cv-03135-KAW <br><br> **PLAINTIFFS' RESPONSE TO THE MOTION TO EXTEND TIME TO FILE ANSWER AND ADMINISTRATIVE RECORD** <br><br> Date: Thursday, August 1, 2019 <br> Time: 1:30pm <br> Place: Federal Courthouse, 1301 Clay Street, Oakland, CA <br> Magistrate Judge: Honorable Kandis Westmore |

The Center for Biological Diversity and Turtle Island Restoration Network (collectively, the "Center and Turtle Island") submit this response to Defendants' Motion to Extend Time to file an answer and administrative record in this case. Dkt. No. 11. Given the facts and high stakes at issue, the Center and Turtle Island believe a 30-day extension is unreasonable and risks thwarting meaningful relief. Therefore, if the Court grants an extension, the Center and Turtle Island respectfully ask the Court to limit it to no more than 10 days, which would accommodate

PLAINTIFFS' RESPONSE TO MOTION           1
TO EXTEND TIME, Case No. 19-03135

Defendants' schedule but also allow this case to move forward in a timely manner.

This case challenges Defendants' issuance of two permits that allow "longline" fishing off the coast of California—in an area where it has been banned for 15 years due to its impacts on endangered sea turtles and other marine life that can become hooked while trying to take longline bait or entangled while swimming through nearly invisible lines. As the attached declaration explains, longline fishing under these permits is likely to begin within the next two to three months, and impacts to endangered sea turtles could be severe. Kilduff Decl. ¶ 5, 6.

The law at issue in this case expressly shortens the customary timelines for judicial review of administrative agency actions. Defendants issued the permits under the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801–1884, a statute that requires certain challenges be brought "within 30 days after the date on which . . . the action is published in the Federal Register." *Id.* § 1844(f)(1). In addition to a statute of limitations, the Act also specifically requires Defendants to respond to such challenges with 45 days of service and "include a copy of the administrative record" for the challenged actions in that response. *Id.* § 1844(f)(3). It further states that, upon a motion by the plaintiff, the "court shall assign the matter for hearing at the earliest possible date and shall expedite the matter in every possible way. *Id.* § 1844(f)(4).[1] The specificity and prompt deadlines included in the statute's judicial review provision demonstrate Congress's intent that challenges under the Magnuson-Stevens Fishery Conservation and Management Act move forward expeditiously.

An extension in this case prejudices the Center and Turtle Island because the actions approved by the challenged permit may proceed and potentially harm the sea turtles and other wildlife that Plaintiffs seek to protect while waiting out the extension sought by Defendants. Plaintiffs have an interest in the expeditious resolution of this case just as contemplated by the Magnuson-Stevens Fishery Conservation and Management Act.

The agency's administrative record should have been assembled and available to

---

[1] The Center and Turtle Island reserve the option to file at a later date a motion to have this matter heard "at the earliest possible date" and expedited "in every possible way." *Id.*

Defendants long ago—when they were evaluating the permits and making the decisions at issue. Defendants need for more time is a problem of their own design. Although the Center and Turtle Island would prefer no extension, to accommodate Defendants' request, we propose no more than a 10 day extension.

Extending Defendants' deadline to file an answer and administrative record by 10 days would (1) allow this case to move forward with a timeline closer to what Congress established, *see* 16 U.S.C. § 1855(f)(3); (2) give Defendants a reasonable accommodation; and (3) serve judicial economy.  For these reasons, if the Court is inclined to grant Defendants an extension, the Center and Turtle Island ask that it be limited to no more than 10 days, which would extend Defendants' deadline from August 1 to August 10, 2019.

Respectfully submitted this 26th day of July, 2019.

*/s/ Catherine Kilduff*
Catherine Kilduff
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7108
Facsimile: (510) 844-7150
Email:  ckilduff@biologicaldiversity.org

*Attorney for Plaintiffs Center for Biological Diversity and Turtle Island Restoration Network*

**DECLARATION OF CATHERINE W. KILDUFF**

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the following is true and correct.

1. I am a member of the bar of the Northern District of California and am counsel for Plaintiffs Center for Biological Diversity and Turtle Island Restoration Network in this case. If called as a witness, I could and would competently testify to the matters set forth herein.

2. Plaintiffs are concerned that a 30-day extension will prejudice their ability to get meaningful relief while the permit is effective because the fishery's impacts to endangered species and the environment are imminent and threaten to be severe.

3. On April 29, 2019, Defendants issued the permit to fishing longlines in federal waters off California, effective for 24 months. 84 Fed. Reg. 20,108, 20,109 (May 8, 2019).

4. I obtained the National Marine Fisheries Service's biological opinion on "Consideration of an Exempted Fishing Permit to Fish with Longline Gear in the West Coast Exclusive Economic Zone," WCR-2018-9553, dated July 11, 2018 (hereafter "Biological Opinion"), via the National Marine Fisheries Service's website here: https://pcts.nmfs.noaa.gov/pcts-web/dispatcher/trackable/WCR-2018-9553 (last visited July 26, 2019).

5. On information and belief, fishing will likely begin in early fall because historically, the longline fishery follows the swordfish migration eastward in the Pacific Ocean from October through April. (Biological Opinion at 50.) During the early fall/winter months the fishery will overlap with the southwestward migration pathway used by leatherbacks departing foraging grounds off California. (*Id*.)

6. On information and belief, potential harm to the endangered leatherback sea turtle from fishing is imminent. Based on leatherback use of areas adjacent to the U.S. west coast, the National Marine Fisheries Service concluded that the catch "risk to leatherbacks due

KILDUFF DECL., Case No. 19-03135   1

to longline fishing off California and Oregon (2nd year only) would be higher during the summer and fall months." (*Id*. at 50-51.)

Executed on July 26, 2019.

/s/ Catherine W. Kilduff
CATHERINE W. KILDUFF

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.

/s/ Catherine W. Kilduff
CATHERINE W. KILDUFF