JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Asst. Section Chief
BRIENA L. STRIPPOLI, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0339 (t.) | (202) 305-0275 (f.)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and TURTLE ISLAND RESTORATION NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, in his official capacity as Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Case No. 4:19-cv-03135-KAW<br><br>**DEFENDANTS' ANSWER**<br><br>Magistrate Judge: Kandis A. Westmore |

Wilbur Ross, in his official capacity as Secretary of Commerce, and the National Marine Fisheries Service ("NMFS") (collectively, "Defendants") plead as follows in response to Center for Biological Diversity and Turtle Island Restoration Network's (collectively, "Plaintiffs") Complaint for Declaratory and Other Relief. The numbered paragraphs of Defendants' Answer correspond to the numbered paragraphs of Plaintiffs' Complaint.

**INTRODUCTION**

1. The allegations in Paragraph 1 consist of characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

1

Further, to the extent that Paragraph 1's allegations purport to characterize NMFS's issuance of exempted fishing permits, as noticed in 84 Fed. Reg. 20,108 (May 8, 2019) ("Permits"), the Permits speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Permits.

2. The allegations in Paragraph 2's first sentence are an incomplete general description of longline fishing gear and the Defendants deny the allegations on those grounds. To the extent that these allegations purport to describe the longline fishing gear in this case, the Permits speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Permits. The allegations in Paragraph 2's second sentence are vague and ambiguous, and Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and, on these bases, deny the allegations. The allegations in Paragraph 2's third sentence characterize California fishing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of these regulations. The allegations in Paragraph 2's fourth sentence inaccurately describes Defendants' actions and Defendants deny the allegations on those grounds. The allegations in Paragraph 2's fifth sentence are vague and ambiguous both as to the characterization of Defendants' actions and the area in which fishing under the Permits may occur, and Defendants deny the allegations on those grounds.

3. Defendants admit issuing the Permits. The remainder of Paragraph 3's first sentence purports to characterize the Permits, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of these Permits. Defendants deny the allegations in Paragraph 3's remaining

sentences. Further, to the extent that Paragraph 3's second sentence purports to characterize the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370, the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act"), 16 U.S.C. §§ 1801-1884, and the Administrative Procedure Act, 5 U.S.C. §§ 500-596, 701-706, these statutes speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, meaning, and context of these statutes.

4. Defendants aver that Pacific leatherback sea turtles were identified by NMFS as one of eight "Species in the Spotlight," which are among the most at-risk of extinction. Defendants deny the allegations in Paragraph 4's first sentence as vague and ambiguous. The allegations in Paragraph 4's second sentence purports to characterize unnamed and uncited "[s]cientists," who speak for themselves and whose communications are the best evidence of their opinions. Defendants deny any allegations inconsistent with the plain language, meaning, and context of these unnamed and uncited "scientists'" opinions. Defendants deny the allegations in Paragraph 4's third sentence as vague and ambiguous, and Defendants deny the allegations on those grounds. Defendants deny the allegations in Paragraph 4's fourth sentence.

5. The allegations in Paragraph 5 consist of characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION, VENUE, and INTRADISTRICT ASSIGNMENT

6. Paragraph 6's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

7. Paragraph 7's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

8. Paragraph 8's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

### Plaintiffs

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 9's allegations, and, on that basis, deny the allegations.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 10's allegations, and, on that basis, deny the allegations.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 11's allegations, and, on that basis, deny the allegations.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 12's allegations, and, on that basis, deny the allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 13's allegations, and, on that basis, deny the allegations.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14's first, second, and third sentences, and, on that basis, deny the allegations. The allegations in Paragraph 14's fourth sentences consist of characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 15's allegations, and, on that basis, deny the allegations. Further, the allegations in Paragraph 15's third, fourth, and fifth sentences consist of characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the

allegations.

16. The allegations in Paragraph 16 consist of characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, Defendants deny that they failed to comply with applicable law and that Plaintiffs are entitled to their requested relief. To the extent that Paragraph 16 purports to characterize the ESA, NEPA, and other environmental laws, these statutes speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, meaning, and context of these statutes and other environmental laws.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 17's first sentence, and, on that basis, deny the allegations. The allegations in Paragraph 17's second sentence are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 17's second sentence purports to characterize the ESA and NEPA, these statutes speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, meaning, and context of these statutes.

**Defendants**

18. Defendants admit that Wilbur Ross is the Secretary for the U.S. Department of Commerce and that he is being sued in his official capacity. Paragraph 18's remaining allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 18 purports to characterize the ESA, the Magnuson-Stevens Act, and NEPA, these statutes speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain

language, meaning, and context of these statutes.

19. Defendants admit that NMFS is an agency within the U.S. Department of Commerce and that NMFS has responsibility for implementing some provisions of the Magnuson-Stevens Act and the Endangered Species Act. To the extent that Paragraph 19 purports to characterize the Magnuson-Stevens Act and the ESA, these statutes speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, meaning, and context of these statutes.

## LEGAL BACKGROUND

### Endangered Species Act

20. Paragraph 20's allegations purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

21. Paragraph 21's allegations purport to characterize ESA provisions, 16 U.S.C. § 1532(3), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

22. Paragraph 22's allegations purport to characterize ESA provisions, 16 U.S.C. § 1536(a)(1)-(2), and regulatory provisions, 50 C.F.R. §§ 402.02, 402.14, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and regulatory provisions.

23. Paragraph 23's allegations purport to characterize ESA provisions, 16 U.S.C. § 1536(a)(2), (b)(3)-(4), and regulatory provisions, 50 C.F.R. § 402.14(h), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and regulatory provisions.

24. Paragraph 24's allegations purport to characterize ESA provisions, 16 U.S.C. §§ 1532(19), 1538(a)(1), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.

25. Paragraph 25's allegations purport to characterize regulatory provisions, 50 C.F.R. § 224.101, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulatory provisions.

26. Paragraph 26's allegations purport to characterize ESA provisions, 16 U.S.C. § 1538(a), and regulatory provisions, 50 C.F.R. §§ 223.102, 223.201, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA and regulatory provisions.

### National Environmental Policy Act

27. Paragraph 27's allegations purport to characterize NEPA provisions, 42 U.S.C. §§ 4321, 4332(2)(C), and regulatory provisions, 40 C.F.R. §§ 1500.1(b), 1501.2, 1502.5, 1506.6, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA and regulatory provisions.

28. Paragraph 28's allegations purport to characterize NEPA provisions, 42 U.S.C. § 4332(2)(C), and regulatory provisions, 40 C.F.R. §§ 1501.4, 1502.1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA and regulatory provisions.

29. Paragraph 29's allegations purport to characterize regulatory provisions, 40 C.F.R. § 1508.27, which speak for themselves and are the best evidence of their contents. Defendants deny any

allegations inconsistent with the plain language, meaning, and context of the regulatory provisions.

30. Paragraph 30's allegations purport to characterize regulatory provisions, 40 C.F.R. §§ 1501.3, 1501.4(e), 1508.9(a)(1), 1508.13, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulatory provisions.

31. Paragraph 31's allegations purport to characterize NEPA provisions, 42 U.S.C. § 4332(2)(C)(iii), (E), and regulatory provisions, 40 C.F.R. §§ 1502.14, 1508.9(b), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA and regulatory provisions.

### Magnuson-Stevens Fishery Conservation and Management Act

32. Paragraph 32's allegations purport to characterize Magnuson-Stevens Act provisions, 16 U.S.C. § 1801(a), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Magnuson-Stevens Act.

33. Paragraph 33's allegations purport to characterize Magnuson-Stevens Act provisions, 16 U.S.C. § 1867, and regulatory provisions, 50 C.F.R. § 600.745(b), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Magnuson-Stevens Act and regulatory provisions.

34. Paragraph 34's allegations purport to characterize Magnuson-Stevens Act provisions, 16 U.S.C. § 1855(f), which speak for themselves and are the best evidence of their contents.

Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Magnuson-Stevens Act.

### Administrative Procedure Act

35. Paragraph 35's allegations purport to characterize APA provisions, 5 U.S.C. § 551-706, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

### California Environmental Laws

36. Paragraph 36's allegations purport to characterize California Fish & Game Code provisions, Cal. Fish & Game Code § 9028, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the California Fish & Game Code.

37. Paragraph 37's allegations purport to characterize California Government Code provisions, Cal. Gov't Code §§ 422.5, 7593.5, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the California Government Code.

38. Paragraph 38's allegations purport to characterize California Fish & Game Code provisions, Cal. Fish & Game Code § 4700, and California regulatory provisions, Cal. Code Regs. tit. 14, § 670.5, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the California Fish & Game Code and California regulatory provisions.

### FACTUAL AND PROCEDURAL BACKGROUND

39. Paragraph 39's allegations purport to characterize federal regulatory provisions, 50 C.F.R. § 660.712, and California Fish and Game Code provisions, Cal. Fish & Game Code § 9028,

which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the federal regulatory provisions and California Fish and Game Code provisions.

40. Defendants admit that there is an existing swordfish drift gillnet fishery in federal waters off California, and that the fishery's limited incidental take of some species under the ESA have been authorized under applicable federal regulations. Defendants deny Paragraph 40's remaining allegations as vague and ambiguous. Further, to the extent that Paragraph 40's allegations purport to characterize federal regulatory provisions, 50 C.F.R. §§ 229.31, 600.713(c), they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the federal regulatory provisions.

41. Defendants deny the allegations in Paragraph 41's first sentence. Paragraph 41's remaining allegations purport to characterize certain judicial decisions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the cited judicial decisions.

42. Defendants have denied, in part, Plaintiffs' allegations of a "backdrop" in the preceding paragraphs, which denials Defendants incorporate herein. Defendants deny that NMFS issued the Permits on May 8, 2019, but admit that Defendants caused to be published in the Federal Register on May 8, 2019, a notice of NMFS's issuance of the Permits, 84 Fed. Reg. 20,108 (May 8, 2019). Paragraph 42's remaining allegations purport to characterize the Permits, which speaks for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Permits.

43. Defendants admit that the analysis of anticipated takes of ESA-listed species under the Permits

are reflected in the Biological Opinion, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Biological Opinion.  Except as otherwise admitted herein, Defendants deny the allegations of Paragraph 43.

44. Defendants admit the allegations in Paragraph 44's first, second, and third sentences as generally correct.  Defendants deny the allegations in Paragraph 44's fourth sentence as vague and ambiguous.

45. Defendants admit the allegation in Paragraph 45 that "when set at less than 330 feet deep, the longlines are 'shallow set' to target swordfish," but deny the remaining allegations of Paragraph 45's first sentence as dependent on spatial range and other factors.  Defendants deny Paragraph 45's remaining allegations as vague and ambiguous.

46. Paragraph 46's allegations purport to characterize federal regulatory provisions, 50 C.F.R. § 600.712, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, meaning, and context of the federal regulatory provisions.

47. The allegations in Paragraph 47's first sentence's first clause are vague and ambiguous with respect to a prohibition on the use of longlines off the U.S. West Coast, and to the extent Defendants understand it, is incorrect; Defendant denies the allegations in the first clause on those bases.  The allegations in Paragraph 47's first sentence's second clause is an inaccurate characterization of the permitting process, and Defendants deny the allegations in the second clause on this ground.  The allegations in Paragraph 47's remaining sentences are vague and ambiguous in their characterization of the California Coastal Commission's role and request, and Defendants deny their allegations on these grounds.  Further, to the extent that Paragraph

47's remaining sentences purport to characterize fishing permits, those permits speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of these permits.

48. Paragraph 48's allegations purport to characterize a request for public comment on an application for an exempted fishing permit, 80 Fed. Reg. 29,662 (May 22, 2015), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the request for public comment.

49. Defendants admit that by letter dated June 29, 2015, the California Coastal Commission contacted the Office of Coastal Management of the National Oceanic and Atmospheric Administration regarding the May 22, 2015 Federal Register Notice. The letter speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the June 29, 2015 letter. Defendants further admit that by letter dated March 28, 2019, the Office of Coastal Management denied the California Coastal Commission's request to review the proposed activity. The letter speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the March 28, 2019 letter. Paragraph 49's remaining allegations are inaccurate in their characterization of the permitting process, and Defendants deny the allegations on those grounds.

50. Defendants deny that NMFS issued the Permits on May 8, 2019, but admit that Defendants caused to be published in the Federal Register on May 8, 2019, a notice of NMFS's issuance of the Permits, 84 Fed. Reg. 20,108 (May 8, 2019). Paragraph 50's remaining allegations purport to characterize the Permits, 84 Fed. Reg. 20,108 (May 8, 2019), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations

inconsistent with the plain language, meaning, and context of the Permits.

51. Defendants admit that, on July 11, 2018, NMFS issued a Biological Opinion, which was later supplemented by a revised Incidental Take Statement on August 10, 2019. Paragraph 51's remaining allegations purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Biological Opinion.

52. Defendants admit Paragraph 52's allegations.

53. Defendants admit that Pacific leatherback sea turtles were identified by NMFS as one of eight "Species in the Spotlight," which are among the most at-risk of extinction. The allegations in Paragraph 53's second sentence mischaracterize the trends of the West Pacific leatherback population and Defendants deny the allegations on those grounds. The allegations in Paragraph 53's third sentence are inconsistent with information in the Biological Opinion, and Defendants deny the allegations on those grounds. Paragraph 53's fourth sentence purports to characterize unnamed and uncited "scientists," who speak for themselves and whose communications are the best evidence of their opinions. Defendants deny any allegations inconsistent with the plain language, meaning, and context of these unnamed and uncited "scientists'" opinions. Defendants deny the allegations on those grounds. Except as expressly admitted herein, Defendants deny Paragraph 53's allegations.

54. Paragraph 54's allegations purport to characterize the National Oceanic and Atmospheric Administration's ("NOAA") Final Rule to Revise Critical Habitat, 77 Fed. Reg. 4,170 (Jan. 26, 2012), for the leatherback sea turtle, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Final Rule to Revise Critical Habitat.

55. The allegations in Paragraph 55 consist of legal conclusions and characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Further, to the extent that Paragraph 55's allegations purport to characterize the Biological Opinion, it speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with its plain language, meaning, and context of the Biological Opinion.

56. Defendants admit Paragraph 56's first sentence's allegation that North Pacific Ocean loggerheads spend the majority of their lives in the ocean, but deny Paragraph 56's first sentence's remaining allegations.  The allegations in Paragraph 56's second and third sentences purport to characterize NOAA's and U.S. Fish and Wildlife Service's Final Rule determining nine distinct population segments of loggerhead sea turtles as endangered or threatened, 76 Fed. Reg. 58,868 (Sept. 22, 2011), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with its plain language, meaning, and context of the Final Rule.

57. Defendants admit Paragraph 57's allegations that Guadalupe fur seal strandings beginning in January 2015, off the coast of California were eight times higher than the historical average as defined further in the reporting data for a limited period.  Defendants also admit and that strandings continuing from 2015 through early 2019, were well above average through the early part of 2019.  Defendants deny any remaining allegations in Paragraph 57's first sentence.  Defendants admit the allegations in Paragraph 57's second sentence.

# CLAIMS FOR RELIEF

# FIRST CLAIM FOR RELIEF

### Violation of the Endangered Species Act and Administrative Procedure Act

58. Defendants incorporate herein by reference the responses to each of the allegations contained in Paragraphs 1 through 57.

59. Paragraph 59's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 59's allegations purport to characterize the Biological Opinion and APA provisions, they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Biological Opinion and the APA.

60. Paragraph 60's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 60's allegations purport to characterize the Biological Opinion, it speak for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Biological Opinion.

61. Paragraph 61's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 61's allegations purport to characterize the Biological Opinion, the ESA, the APA, and federal regulatory provisions, they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Biological Opinion, the ESA, the APA, and federal regulatory provisions.

62. Paragraph 62's allegations are legal conclusions, to which no response is required. To the

extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 61's allegations purport to characterize the Biological Opinion, the ESA, 16 U.S.C. § 1536(a)(2), the APA, 5 U.S.C. § 706(2)(A), and federal regulatory provisions, 50 C.F.R. §§ 402.02, 402.14, they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Biological Opinion, the ESA, the APA, and federal regulatory provisions.

## SECOND CLAIM FOR RELIEF

**Violations of National Environmental Policy Act and Administrative Procedure Act**

63. Defendants incorporate herein by reference the responses to each of the allegations contained in Paragraphs 1 through 62.

64. Paragraph 64's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, Paragraph 28's allegations purport to characterize NEPA provisions, 42 U.S.C. § 4332(2)(C), (E), and regulatory provisions, 40 C.F.R. §§ 1502.1, 1508.7, 1508.9(b), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA and regulatory provisions

65. Paragraph 65's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 65's allegations purport to characterize NEPA provisions, they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA.

66. Paragraph 66's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that

Paragraph 66's allegations purport to characterize NEPA and regulatory provisions, 40 C.F.R. § 1508.27, they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA and regulatory provisions.

67. Paragraph 67's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 67's allegations purport to characterize NEPA and APA provisions, 5 U.S.C. § 706(1), (2), they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA and the APA.

68. Paragraph 68's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that Paragraph 68's allegations purport to characterize NEPA and APA provisions, 5 U.S.C. § 706(2), the Environmental Assessment ("EA"), they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NEPA, the APA, and the EA.

## THIRD CLAIM FOR RELIEF

### Violation of Magnuson-Steven Fishery Conservation and Management Act and Administrative Procedure Act

69. Defendants incorporate herein by reference the responses to each of the allegations contained in Paragraphs 1 through 68.

70. Paragraph 70's allegations are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that

Paragraph 70's allegations purport to characterize the Magnuson-Stevens Act and the APA provisions, 5 U.S.C. § 706(2), they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Magnuson-Stevens Act and the APA.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' Request for Relief, to which no response is required. To the extent a response may be required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claims should be dismissed.//
2. To the extent that the Court lacks jurisdiction over some or all of Plaintiffs' claims, any such claims should be dismissed.
3. To the extent that some or all of Plaintiffs' claims are partially or completely barred by laches, collateral estoppel and/or res judicata, equitable estoppel, or similar equitable doctrines, any such claims should be dismissed.

Dated: August 15, 2019

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief


/s/ Briena L. Strippoli
BRIENA L. STRIPPOLI
Trial Attorney (MD Att'y No. 0612130372)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0339
Facsimile: (202) 305-0275
briena.strippoli@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and TURTLE ISLAND RESTORATION NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, in his official capacity as Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | CASE No. 4:19-cv-03135-KAW<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that, on August 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that all participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Briena L. Strippoli*
BRIENA L. STRIPPOLI