Catherine Kilduff (CA Bar No. 256331)
Kristen Monsell (CA Bar No. 304793)
Miyoko Sakashita (CA Bar No. 239639)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, St. #800
Oakland, CA 94612
Phone: (510) 844-7100
Facsimile: (510) 844-7150
ckilduff@biologicaldiversity.org
kmonsell@biologicaldiversity.org
miyoko@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity
and Turtle Island Restoration Network*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and TURTLE ISLAND RESTORATION NETWORK<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Case No. 19-cv-03135-KAW<br><br>**NOTICE AND MOTION TO ADMIT EXTRA-RECORD EVIDENCE AND MEMORANDUM IN SUPPORT**<br><br>Date: Thursday, December 5, 2019<br>Time: 1:30pm<br>Place: 1301 Clay St., Oakland, CA<br>Magistrate Judge: Honorable Kandis Westmore |

## NOTICE OF MOTION AND MOTION TO ADMIT EXTRA-RECORD EVIDENCE

On December 5, 2019, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Magistrate Judge Kandis Westmore, Plaintiffs Center for Biological Diversity and Turtle Island Restoration Network ("Plaintiffs") will and do respectfully move this Court for an Order to admit extra-record evidence in the above-captioned case. Plaintiffs seek to admit one document titled "Biological and Conference Opinion on the Proposed Implementation of a Program for the Issuance of Permits for Research and Enhancement Activities on Threatened and Endangered Sea Turtles Pursuant to Section 10(a) of the Endangered Species Act" signed by the National Marine Fisheries Service on December 21, 2017, available at https://repository.library.noaa.gov/view/noaa/17002.

This Motion is based on this Notice and Motion, the following Memorandum of Points and Authorities, the attached declaration of Catherine Kilduff, and such oral and documentary evidence as may be presented at or before the hearing on the Motion. Plaintiffs attempted to resolve this issue with counsel for Defendants Wilbur Ross, the U.S. Secretary of Commerce, and the National Marine Fisheries Service (collectively, "Fisheries Service") to avoid the need to file this Motion, but they were unable to do so. Counsel for the Fisheries Service indicated that the Fisheries Service opposes this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE ISSUE

Plaintiffs seek an Order to admit a single document as extra-record evidence for the purpose of helping the Court understand if the agency decision at issue was arbitrary, capricious, or otherwise not in accordance with the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), and in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Specifically, Plaintiffs ask the Court to admit a biological opinion that the Fisheries Service issued on December 21, 2017 regarding the effects of the agency's sea turtle research program on threatened and endangered sea turtles. *See* Kilduff Decl., Ex. A. The extra-record evidence is necessary to determine if "the agency has considered all relevant factors and has

explained its decision," thus qualifying for a well-established exception to the rule that judicial review of the agency actions at issue in this case is typically limited to the administrative record. *E.g.*, *Lands Council v. Powell*, 379 F.3d 738, 747 (9th Cir. 2004).

## BACKGROUND

In this case, Plaintiffs challenge the Fisheries Service's May 2019 decision to issue a permit for longline fishing off the coast of California. *See* 84 Fed. Reg. 20,108 (May 8, 2019). Plaintiffs also challenge a biological opinion issued by the Fisheries Service in July 2018 that purports to analyze the impacts of the permit on endangered and threatened species, including critically imperiled Pacific leatherback sea turtles. *See generally* AR 18 (hereafter "Longline Fishing Biological Opinion"). As relevant for this Motion, Plaintiffs allege that the agency ignored the best scientific data available on the number of nesting females when determining the permit would not jeopardize the continued existence of leatherback sea turtles. *See* Compl. ¶¶ 61–62, Dkt. No. 1.

As explained in Plaintiffs' opening summary judgment brief, the Fisheries Service has determined that the highly endangered status of Pacific leatherback sea turtles means that protecting adult females is especially crucial to provide the species with any chance of recovery. *See* Dkt. No. 26 at 9, n.4 (citing AR 127 at 04904 (Recovery Plan)).[1] The Fisheries Service also determined that authorizing longline fishing under the permit would kill an adult female leatherback sea turtle from the Western Pacific population. *Id.* at 10. Accordingly, the Fisheries Service relied on the estimated number of nesting Western Pacific leatherbacks in its analysis of the effects of the longline permit. *Id.* The Fisheries Service used data through 2012, which gave "a population estimate of approximately 2,600 nesting females in the Western Pacific." *Id.* (citing AR 18 at 01070 (Longline Fishing Biological Opinion)).

However, new abundance estimates are available, and were available to the Fisheries Service during its consultation process. The agency developed an updated estimate of the number

---

[1] Page references are to the page number of the original document, not the page number generated by the ECF system.

Motion to Admit Extra-Record Evidence                                                                                       Page 2
Case No. 19-cv-03135-KAW

of nesting female leatherbacks in a separate biological opinion it issued in December 2017. Kilduff Decl., Ex. A (hereinafter, "2017 Biological Opinion"). The 2017 Biological Opinion concluded that there are just 562 nesting female leatherbacks. *Id.* at 108, 257. The outdated and inaccurate information used for the Longline Fishing Biological Opinion fails to consider the *nearly 80 percent* decline in nesting females, instead relying on a five-fold overestimate. Such failure taints the underpinning assumption the Fisheries Service used to draw its conclusion that the longline permit would not jeopardize the continued existence of leatherback sea turtles.

The abundance estimate is not in the administrative record before this Court because the Fisheries Service failed to consider this relevant factor in forming its Longline Fishing Biological Opinion and it gave no reason or explanation why. The 2017 Biological Opinion demonstrates the Fisheries Service failed to consider the best available science, and falls well within a Ninth Circuit exception to the general rule limiting judicial review to the administrative record. As such, it is appropriate and necessary for the Court to consider this extra-record evidence when evaluating Plaintiffs' claims and determining if the Fisheries Service's action was arbitrary, capricious, or otherwise contrary to law. *See* 5 U.S.C. § 706(2).

## ARGUMENT

**I.       Standard of Review**

The ESA requires the Fisheries Service use only "the best scientific and commercial data available" when forming biological opinions. 16 U.S.C. § 1536(a)(2); *Wild Fish Conservancy v. Salazar*, 628 F.3d 513, 525 (9th Cir. 2010). Cases asserting the agency did otherwise, such as here, are reviewed under the standards of the APA, 5 U.S.C. § 706(2); *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997), and reviewing courts must conduct a "thorough, probing, in-depth review." *Or. Nat. Res. Council Fund v. Brong*, 492 F.3d 1120, 1125 (9th Cir. 2007) (citations and internal quotation marks omitted). Courts must then set aside agency actions that are "arbitrary, capricious . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The scope of judicial review under section 706(2) is generally restricted to the administrative record. However, the Ninth Circuit recognizes that it "is both unrealistic and

unwise to 'straightjacket' the reviewing court with the administrative record" in all cases, *ASARCO, Inc. v. U.S. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980), and has set out four well-established exceptions to this general rule. *Lands Council v. Powell*, 379 F.3d 738, 747 (9th Cir. 2004) (quoting *Sw. Ctr. for Biol. Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). Namely, extra-record evidence is appropriate when: (1) necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "the agency has relied on documents not in the record," (3) "supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "plaintiffs make a showing of agency bad faith." *Lands Council*, 379 F.3d at 749.

### II. The 2017 Biological Opinion Falls Well Within the First Exception to the Record-Review Rule

The 2017 Biological Opinion meets the first of these exceptions and should be admitted as extra-record evidence. It shows the Fisheries Service failed to include "the best scientific and commercial data available," 16 U.S.C. § 1536(a)(2), and instead relied on outdated information and faulty assumptions to form its Longline Fishing Biological Opinion.

The number of nesting leatherback sea turtles formed the basis of the Fisheries Service's determination that the longline permit would not jeopardize the continued existence of this critically endangered species. *See supra* pp. 2–3; AR 18 at 01070 (Longline Fishing Biological Opinion stating the Fisheries Service analyzed the impact of the longline permit based on "a population estimate of approximately 2,600 nesting females in the Western Pacific."). Plaintiffs argue that the agency's failure to consider the best available scientific data demonstrating a nearly 80 percent decline in the number of nesting leatherbacks is one of the reasons why the Longline Fishing Biological Opinion is unlawful. The Court cannot determine the merits of this argument without an opportunity to view the evidence Plaintiffs claim the agency failed to consider.

This information is not in the administrative record filed by the Fisheries Service precisely because the agency did not consider it in the decision under review. As such, it would

"be impossible, especially [since] highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *ASARCO*, 616 F.2d at 1160. In other words, the Court cannot adequately discharge its duty to engage in a 'substantial inquiry' if it is required to take the agency's word that it considered all relevant matters." *Id*.; *see also Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1162 (9th Cir. 2006) ("We allow extra-record materials if necessary to determine whether the agency has considered all relevant factors and has explained its decision.") (internal quotation marks omitted, *abrogated on other grounds, Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)); *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (reviewing court may go outside the record "to determine whether the agency considered all the relevant factors"); *Bair v. Cal. State Dep't of Transp.*, 867 F. Supp. 2d 1058, 1068 (N.D. Cal. 2012) (similar).

Plaintiffs do not seek inclusion of this evidence so the Court can "judge the wisdom of the agency's action," but rather, "to develop a background against which [the Court] can evaluate the integrity of the agency's analysis" as required by the APA. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014) (citing *ASARCO*, 616 F.2d at 1160). The Fisheries Service's analysis in the Longline Fishing Biological Opinion was based on outdated and inaccurate assumptions even though the agency had updated information; and the 2017 Biological Opinion is necessary to illustrate this fact.

This is precisely the type of extra-record information the Ninth Circuit allows to review claims under the APA. *See Earth Island*, 442 F.3d at 1161–62 (admitting extra-record evidence showing flaws in the agency's approach to its analysis); *see also See Pac. Coast Fed'n of Fishermen's Ass'ns v. Nat'l Marine Fisheries Serv.*, 426 F.3d 1082, 1091–92 (9th Cir. 2005) (rejecting the argument that courts should "take [the agency's] word that the species will be protected. . . . If this were sufficient, the [agency] could simply assert that its decisions were protective and so withstand all scrutiny"). For example, in *Earth Island*, the plaintiffs challenged an environmental analysis the Forest Service prepared for two post-fire logging projects, arguing

that the agency overpredicted tree mortality, which would lead to many more trees being cut than necessary to meet the project's goals. 442 F.3d at 1152–53, 1160. To support their arguments, the plaintiffs submitted extra-record, scientific evidence that identified errors in how the agency assessed tree mortality. *Id.* at 1160–63. In determining that it could consider the documents, the Ninth Circuit explained, "[w]e allow extra-record materials if necessary to 'determine whether the agency has considered all relevant factors and has explained its decision.' Because Earth Island's expert declarations are offered for this purpose, they are properly before . . . this court on review." *Id.* at 1162 (citation omitted); *see also Nat'l Audubon Soc'y v. U.S. Forest Serv.*, 46 F.3d 1437, 1447–48 (9th Cir 1993) (admitting extra-record evidence where plaintiffs alleged the agency neglected to consider important environmental consequences); *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, No. 3:01-cv-00640-SI, 2015 U.S. Dist. LEXIS 11633, at *14–15 (D. Or. Feb. 2, 2015) (admitting extra-record evidence in challenge to a biological opinion because the evidence "may be necessary to identify factors [the agency] did not consider"). The Court should consider the 2017 Biological Opinion in its review of the Longline Fishing Biological Opinion for the same reasons: the 2017 document reveals key errors in the Fisheries Service's analysis, showing it failed to consider relevant factors or adequately explain its no-jeopardy finding for leatherback sea turtles.

## CONCLUSION

The 2017 Biological Opinion fits well-within the standards for admitting extra-record evidence. The Court should therefore grant Plaintiffs' Motion.

DATED:  September 12, 2019

Respectfully submitted,

/s/ *Catherine Kilduff*
Catherine Kilduff (CA Bar No. 256331)

/s/ *Kristen Monsell*
Kristen Monsell (CA Bar No. 304793)
Miyoko Sakashita (CA Bar No. 239639)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, St. #800
Oakland, CA 94612
Phone: (510) 844-7100
Facsimile: (510) 844-7150
ckilduff@biologicaldiversity.org
kmonsell@biologicaldiversity.org
miyoko@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and Turtle Island Restoration Network*

# ATTESTATION

I, Catherine Kilduff, am the ECF user whose identification and password are being used to file this MOTION TO ADMIT EXTRA-RECORD EVIDENCE. In compliance with L.R. 5-1(i), I attest that the other signatory has concurred in this filing.

DATED: September 12, 2019

/s/ *Catherine Kilduff*

Catherine Kilduff