JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
BRIENA L. STRIPPOLI, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0339 (t.) | (202) 305-0275 (f.)
Briena.Strippoli@usdoj.gov

JESSICA HELD, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0575 (t.) | (202) 305-0275 (f.)
Jessica.Held@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and TURTLE ISLAND RESTORATION NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, in his official capacity as Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Case No. 4:19-cv-03135-KAW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ADMIT EXTRA-RECORD EVIDENCE** |

# INTRODUCTION

Plaintiffs have failed to demonstrate that the 2017 Turtle Research Programmatic Biological Opinion ("2017 BiOp"), Dkt. No. 27-2, warrants admission as extra-record evidence under any of the narrowly construed and applied exceptions.  Both the 2017 BiOp and the Biological Opinion in this case ("2018 Longline Fishing BiOp"), AR 18, reference the same scientific reports and data when estimating the number of *annual* female nesting western Pacific leatherback sea turtles.  Namely, both biological opinions rely on:  (1) the 2013 National Marine Fisheries Service ("NMFS") and U.S. Fish and Wildlife Service ("FWS") Leatherback Sea Turtle 5-Year Review ("2013 Leatherback Sea Turtle Review"); [1] and (2) Tapilatu *et al.* 2013. [2]  *See* AR 18 at 01043, 01111, 01116 (2018 Longline Fishing BiOp); Dkt. No. 27-2 at 110-11, 334, 344 (2017 BiOp).  Thus, Plaintiffs' argument that the information in the 2018 Longline Fishing BiOp is "outdated and inaccurate" is without merit since both the 2018 Longline Fishing BiOp and the 2017 BiOp are predicated on the *same* underlying scientific reports and data.  Furthermore, supplementation is not warranted because this information is already included in the record.  *See* AR 152, 255.  Thus, because the 2017 BiOp does not "identify and plug holes in the administrative record," but rather relies on the same information as the 2018 Longline Fishing BiOp, the Court should deny Plaintiffs' motion to admit extra-record evidence.  *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

# ARGUMENT

**I.   Legal Standards for Supplementing the Administrative Record and Burden of Proof.**

The Supreme Court has expressed a general rule that courts reviewing an agency decision are limited to the administrative record.  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).

---

[1] NMFS and USFWS 2013 Leatherback Sea Turtle (*Dermochelys coriacea*) 5-Year Review:  Summary and Evaluation.  National Oceanic and Atmospheric Administration, National Marine Fisheries Service, Office of Protected Resources, and U.S. Fish and Wildlife Service, Southeast Region.  AR 255 (13300-13392).

[2]  Tapilatu, R.F., P.H. Dutton, M. Tiwari, T. Wibbels, H.V. Ferdinandus, W.G. Iwanggin, and B.H. Nugroho. 2013. Long-term decline of the western Pacific leatherback, *Dermochelys coriacea*: a globally important sea turtle population. Ecosphere. Volume 4(2).  AR 152 (05298-05312).

"[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam). Courts "normally refuse to consider evidence that was not before the agency because 'it inevitably leads the reviewing court to substitute its judgment for that of the agency.'" *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (quoting *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)).

However, the Ninth Circuit has crafted four "narrowly construed and applied" exceptions permitting courts to admit extra-record evidence: "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relief on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Lands Council*, 395 F.3d at 1030 (citation and internal quotation marks omitted). Plaintiffs argue that the 2017 BiOp—the document they seek to have admitted as extra-record evidence—should be admitted under the first exception.[3] *See* Dkt. No. 27 at 5. The Ninth Circuit has warned that the "scope of these exceptions . . . is constrained" and should be used sparingly, otherwise the exception would undermine the general rule. *Lands Council*, 395 F.3d at 1030. "Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo, rather than with the proper deference to agency processes, expertise, and decision-making." *Id.*

Plaintiffs, as the party seeking supplementation, bear the burden of proving that the extra-record evidence falls within one of the narrowly construed and applied exceptions. *See Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (plaintiffs bear a "heavy burden" of showing that extra-record documents fall within one of the narrow exceptions to the record review rule); *see also*

---

[3] Because Plaintiffs solely argue that the 2017 BiOp should be admitted under the first exception, any argument that it should be admitted under exceptions two through four should be deemed waived. *See generally* Dkt. No. 27; *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (courts "will not ordinarily consider matters . . . not specifically and distinctly argued" in an opening brief).

Defendants' Opposition to Plaintiffs' Motion to Admit Extra-Record Evidence
*CBD v. Ross*, No. 4:19-cv-03135-KAW                                                                                                    3

*Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (same).

**II.     Because Both Biological Opinions Rely on the Same Scientific Reports and Data to Estimate the Number of *Annual* Nesting Female Western Pacific Leatherback Sea Turtles, Plaintiffs Have Failed to Meet Their Burden of Demonstrating that the Administrative Record Should Be Supplemented.**

The 2017 BiOp is not necessary to determine whether the agency has considered all relevant factors and has explained its decision; thus, Plaintiffs' motion to admit extra-record evidence should be denied. Plaintiffs argue that the 2017 BiOp is necessary to determine whether the agency used the best scientific data available on the number of nesting female western Pacific leatherback sea turtles. Dkt. No. 27 at 3-4. However, this argument is without merit. Both the 2017 BiOp and the 2018 Longline Fishing BiOp rely on the same scientific reports and data—namely, the 2013 Leatherback Sea Turtle Review and Tapilatu *et al.* 2013—to calculate the number of *annual* nesting female western Pacific leatherback sea turtles. *See* AR 18 at 01043, 01111, 01116 (2018 Longline Fishing BiOp); Dkt. No. 27-2 at 110-11, 334, 344 (2017 BiOp). Accordingly, because the 2017 BiOp does not "identify and plug holes in the administrative record," but rather uses the same scientific report and data already in the record (and indeed used in the 2018 Longline Fishing BiOp), it does not meet the limited exceptions for supplementation of extra-record evidence. *Lands Council*, 395 F.3d at 1030.

The 2017 BiOp explicitly states that it "used information available in the 2013 [Leatherback Sea Turtle Review] . . . to summarize the life history, population dynamics and status of the species." Dkt. No. 27-2 at 110 (citing AR 255, 2013 Leatherback Sea Turtle Review). Specifically, the 2017 BiOp "[d]eriv[ed] abundance estimates from nest counts divided by average clutch frequency from [the 2013 Leatherback Sea Turtle Review]" and gave a total annual "[w]est[ern] Pacific subpopulation estimate of 562 nesting females." *Id.* at 111 (citing AR 255, 2013 Leatherback Sea Turtle Review); *see also id.* at 260 n.5 (citing AR 255, 2013 Leatherback Sea Turtle Review). In turn, the 2013 Leatherback Sea Turtle Review, citing Tapilatu *et al.* 2013, estimated "about 500 [western Pacific] females (based on a mean clutch frequency of 5.5±1.6) nesting each year in Jamursba-Medi and Wermon" beaches in Papua, Indonesia, collectively known as "Bird's Head Peninsula," where approximately 75% of western Pacific leatherback sea turtle subpopulation nesting occurs. AR 255 at 13330 (citing AR 152 at 05303, Tapilatu

Defendants' Opposition to Plaintiffs' Motion to Admit Extra-Record Evidence
*CBD v. Ross*, No. 4:19-cv-03135-KAW                                                                                      4

*et al.* 2013 (using a mean clutch frequency of 5.5±1.6 to estimate 489 western Pacific leatherback sea turtle females nesting in 2011 in Bird's Head Peninsula)).

Similarly, the 2018 Longline Fishing BiOp expressly noted and incorporated this same data from the 2013 Leatherback Sea Turtle Review (AR 255) and Tapilatu *et al.* 2013 (AR 152). AR 18 at 01043, 01111, 01116. Specifically, the 2018 Longline Fishing BiOp states that "[w]ith a mean clutch frequency of 5.5±1.6, approximately 489 females nested in 2011" in the Bird's Head Peninsula. *Id.* at 01043 (citing AR 152). Thus, Plaintiffs' argument that the 2017 BiOp should be admitted as extra-record evidence because the 2018 Longline Fishing BiOp "relied on outdated information and faulty assumptions" is untenable. Dkt. No. 27 at 5. Both the 2017 BiOp and the 2018 Longline Fishing BiOp rely on the same scientific reports to inform the number of *annual* nesting female western Pacific leatherback sea turtles.[4] Thus, supplementation is not warranted.

This case is analogous to *Southwest Center for Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1451 (9th Cir. 1996), where the Ninth Circuit affirmed the district court's striking of extra-record evidence because the information contained in the extra-record documents was already contained in the record. In *Southwest Center*, plaintiffs sought to supplement the record with maps and declarations concerning the habitat type in the project area and the sale's proximity to Mexican Spotted Owl territories. *Id.* Plaintiffs in *Southwest Center*, like here, argued that admission of this extra-record evidence was necessary to determine whether the agency had considered all relevant factors and had

---

[4] Notably, the number of *annual* nesting female western Pacific leatherback sea turtles is different from the number of *total* nesting female western Pacific leatherback sea turtles. As the 2017 BiOp itself notes, leatherback "[f]emales nest every one to seven years" depending on foraging success and duration. Dkt. No. 27-2 at 110-11. This time between nesting is called a "remigration interval." *Id.* at 111. If, for example, you have 500 *annual* nesting females and the average remigration interval is four years, the total number of nesting females would be 2,000. Put differently, in any given year, 1/4 of the female turtles would be nesting and 3/4 would be in the ocean foraging. The number of *annual* nesting females represents only those turtles that remigrated to nest in a specific year and represents only a fraction of the *total* number of nesting females in the western Pacific leatherback sea turtle subpopulation. For this reason, Plaintiffs' comparison of 562 *annual* nesting female western Pacific leatherback sea turtles referenced to 2,600 *total* nesting female western Pacific leatherback sea turtles is akin to comparing apples to oranges. Dkt. No. 27 at 3-4; *see* AR 255 at 13330 (2013 Leatherback Sea Turtle Review acknowledging varying estimates of 1,775-4,500 *total* nesting female western Pacific leatherback sea turtles based on nest counts at the major nesting beaches).

explained its decision. *Id.* at 1450.  The Ninth Circuit disagreed. *Id.* at 1450-51.  Even though documents in the administrative record only "indirectly note[d] the type of vegetation in the project area," the Ninth Circuit held that, as long as "[t]he information contained in these documents can . . . be extracted from the record," supplementation was not warranted. *Id.* at 1451.  Here, the argument against supplementation is even stronger because the information Plaintiffs seek to include in the record need not be "extracted" from the record, but is already in the record.  *See* AR 255 at 13330 (2013 Leatherback Sea Turtle Review); AR 152 at 05303 (Tapilatu *et al.* 2013).  Even assuming, *arguendo*, the 2017 BiOp "might have supplied a fuller record," it does not "address issues not already there" and, thus, does not warrant admission. *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986).  Accordingly, this Court should deny Plaintiffs' motion to admit extra-record evidence.

Plaintiffs' reliance on *Earth Island Institute v. U.S. Forest Service*, 442 F.3d 1147 (2006) is misplaced.  In *Earth Island*, plaintiffs submitted an extra-record expert declaration to challenge substantial inconsistencies in the percentages of tree mortality referenced in the environmental impact statement and other studies, which the court found was properly admitted. *Id.* at 1161, *abrogated on other grounds sub nom., Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008).  Here, there can be no substantial inconsistencies because the 2017 BiOp was predicated on the same scientific studies and estimates already included in the record and cited by the 2018 Longline Fishing BiOp.  *See* Dkt. No. 27-2 at 110 ("We used information available in the 2013 [Leatherback Sea Turtle Review] . . . to summarize the life history, population dynamics and status of the species.") (citing AR 255, 2013 Leatherback Sea Turtle Review).  Accordingly, *Earth Island* does not support the argument that the 2017 BiOp should be admitted as extra-record evidence.  Rather, like in *Southwest Center for Biological Diversity*, this information is already in the record.[5]

## CONCLUSION

Plaintiffs have failed to demonstrate that the 2017 BiOp falls within one of the "narrowly construed and applied" exceptions for admitting extra-record evidence.  *Lands Council*, 395 F.3d at

---

[5] If the Court grants Plaintiffs' motion, Defendants respectfully reserve the right to submit evidence addressing the 2017 BiOp.  *See Earth Island Institute*, 442 F.3d at 1163-64.

1030. Accordingly, Plaintiffs' motion to admit extra-record evidence should be denied.

Respectfully submitted this 26th day of September, 2019.

JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Briena L. Strippoli*
BRIENA L. STRIPPOLI
Trial Attorney (MD Bar #0612130372)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0339 (t.) | (202) 305-0275 (f.)
Briena.Strippoli@usdoj.gov

JESSICA HELD, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0575 (t.) | (202) 305-0275 (f.)
Jessica.Held@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and TURTLE ISLAND RESTORATION NETWORK, <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, in his official capacity as Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendants. | Case No. 4:19-cv-03135-KAW <br><br> **CERTIFICATE OF SERVICE** |

    I hereby certify that, on September 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that all participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                */s/ Briena L. Strippoli*
                                                BRIENA L. STRIPPOLI